NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIHONG WANG, | No. 16-70435 |
| Petitioner, | Agency No. A099-912-071 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2018
San Francisco, California

Before: TASHIMA and MURGUIA, Circuit Judges, and CHATIGNY,** District Judge.

Lihong Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' denial of her application for asylum, withholding

of removal, and protection under the Convention Against Torture. Wang asserts

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert N. Chatigny, United States District Judge for the District of Connecticut, sitting by designation.

she was persecuted under China's family planning policies.

Wang first challenges the Immigration Judge's adverse credibility determination, which the Board affirmed. We review an adverse credibility determination for substantial evidence. *Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999). The Board based its affirmance on a series of inconsistencies between Wang's testimony and the documentary evidence submitted in support of her petition. The IJ gave Wang the opportunity to explain each of the inconsistencies and the opportunity to submit corroborating documentation. The IJ and the Board determined her explanations were not convincing, and Wang failed to submit evidence that would tend to corroborate her testimony. In light of the deference owed to the agency's determination and the multiple opportunities provided to cure the identified inconsistencies, we cannot say the record compels a contrary result. *See id.* at 1150; *see also Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We therefore affirm the Board's adverse credibility determination.

Wang next challenges the Board's denial of asylum and withholding of removal. Because we agree with the Board's conclusion that Wang's testimony was not credible, the question of whether Wang established her eligibility for asylum, assuming the credibility of her testimony, is hypothetical and we need not answer it. The Board, however, did not consider Wang's eligibility for asylum or withholding of removal based on the evidence before it, *excluding* Wang's own

2

testimony. Instead, it only considered Wang's claims "assuming [her] credibility."

We therefore grant the petition and remand to allow the Board to reconsider Wang's asylum and withholding of removal claims. On remand, the Board should consider whether evidence in the record, aside from Wang's testimony, is sufficient to establish her eligibility for asylum and withholding of removal. *See Al-Harbi v. INS*, 242 F.3d 882, 890-94 (9th Cir. 2001).

Finally, we affirm the Board's denial of relief under the Convention Against Torture, which it correctly based on the entirety of the record. *See Kamalthas v. INS*, 251 F.3d 1279, 1282-83 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED IN PART AND GRANTED IN PART; REMANDED.** Each party shall bear their own costs on appeal.